# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

A. C. BUSBY                                                                                               PLAINTIFF

v.                                                                                                   No. 2:07CV217-M-S

SHERIFF ANDREW THOMPSON, ET AL.                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of A. C. Busby, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that personnel at the Coahoma County Jail administered the wrong dose of his blood thinner medication (from October 29, 2007, to November 9, 2007) and provided the medication on the wrong schedule. The nurse only comes to the jail during the early morning hours; as such, when medications run short in the evening, no medical staff are present to correct the problem, and the jailers will not do so without medical supervision. The plaintiff visited a doctor at the jail, and blood tests revealed that the plaintiff's blood was thicker than it should have been. Upon discovering this, jail personnel stopped administering the medication altogether. In addition, the defendants provided only styrofoam drinking cups and disposable plastic cutlery to the jail inmates and require the inmates to wash and reuse them. The defendants also provided the plaintiff little opportunity for outdoor exercise, and the ventilation system is dusty. A female jailer distributes the morning medication to the inmates by putting the

medication on the food trays, and sometimes the medication falls into the food or into the excess water collected in the trays from the dishwasher.

**Denial of Medical Treatment**

The plaintiff's claims regarding the manner in which his medication has been administered must be dismissed for failure to state a claim. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard applies to pre-trial detainees under the Fourteenth Amendment as well as convicted

inmates under the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's complaints regarding the administration of his medication state, at most, a claim of negligence against the defendants, who have no medical training. He has not alleged that the doctor he saw at the jail ordered a different course of treatment. Neither has he alleged any harm from the placement of his medication in the food and water on his tray. Likewise, he has alleged no harm from the defendants' deviation from the daily regimen of blood thinners recommended by his free world doctor. In addition, these facts do not come close to "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Further, regarding the plaintiff's contention that he should have been receiving a higher dose of blood thinners, a prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Finally, the plaintiff has not alleged that jail personnel must meet a specific qualification before delivering medication to inmates, and, indeed, the court knows of none. As such, these claims shall be dismissed.

## General Conditions

The plaintiff's remaining claims – reuse of disposable dishes and cutlery, dusty ventilation system, and limited opportunity for outdoor recreation – all fall under the category of general conditions of confinement. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). After a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the court concludes that these claims do not rise to the level of a constitutional violation. The plaintiff has not alleged that the defendants denied him any basic human need for an unreasonable period of time. *Woods*, 51 F.3d at 581. First, the plaintiff has alleged no harm from these conditions. Second, regarding lack of outdoor recreation, the plaintiff has not alleged that he is restricted from exercising in his cell or in a common area. There is no requirement that inmates at a county jail be permitted outdoor recreation – only that "in matters of physical health [] that the jailer must not be deliberately indifferent to the serious needs of his prisoners." *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979). The plaintiff has not made such an allegation in this case; indeed he has made no allegation of physical harm from any of the conditions alleged. As such, the plaintiff's remaining

claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of July, 2008.

       **/s/ MICHAEL P. MILLS**
       **CHIEF JUDGE**
       **UNITED STATES DISTRICT COURT**
       **NORTHERN DISTRICT OF MISSISSIPPI**